UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 19-CV-20814-WILLIAMS

Roberto Abdon Isaias Dassum, and
William Esteban Isaias Dassum,

    Petitioners,

vs.

JUAN ACOSTA, Assistant Field Office Director,
Immigration and Customs Enforcement,
Miami Field Office, et al.,
_____/

## ORDER

**THIS MATTER** is before the Court on (DE 1) the *emergency* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 filed by Petitioners Roberto Abdon Isaias Dassum and William Esteban Isaias Dassum. After extensive argument, the Court granted the Petition at the two-hour hearing held on March 8, 2019 and ordered that a bond hearing for the Petitioners be conducted on or before March 15, 2019. In sum, as discussed at length and based on the reasons stated and the cases cited on the record, the Court **ORDERS AND ADJUDGES** as follows:

First, the Court has jurisdiction to adjudicate the Petition pursuant to 28 U.S.C. § 2241: Petitioners are in custody under the authority of the United States, and they claim that their mandatory detention without an individualized bond hearing is not statutorily authorized and violates their federal right to due process.[1] *See e.g., Demore v. Kim*, 538 U.S. 510 (2003) (holding that jurisdiction existed to hear challenge to whether § 1226(c)

---

[1] The Government acknowledges in its Response to the Petition that "this Court has jurisdiction to review whether Petitioners' detention is unlawful." (DE 15 at 9).

could constitutionally authorize petitioner's detention without bail); *Jennings v. Rodriguez*, 138 S.Ct. 830, 839-41 (2018) (concluding that Court had jurisdiction to consider *habeas* challenge to detention, including statutory claim that Government misconstrued the reach of the mandatory detention statute, 8 U.S.C. § 1226(c)); *Neilsen v. Preap*, 138 S.Ct. 1279 (2018) (granting certiorari to decide if mandatory detention extends to persons DHS "does not take [] into immigration custody immediately"); *see also INS v. St. Cyr*, 533 U.S. 289, 306–07 (2001) (holding district courts have jurisdiction to review "questions of law in habeas corpus proceedings brought by aliens challenging Executive interpretations of the immigration law").

Second, based on the plain, unambiguous language of the mandatory detention statute, 8 U.S.C. § 1226(c), and all the applicable authorities applying it,[2] Petitioners' mandatory detention without bond pending the resolution of their removal proceedings is unlawful. Section 1226(c) provides that certain noncitizens are ineligible for release and are subject to mandatory detention during their removal proceedings if they have been convicted of an "aggravated felony" and are "take[n] into [immigration] custody . . . ***when . . . released***" from their criminal custody. 8 U.S.C. § 1226(c) (emphasis added). The

---

[2] As discussed at the hearing, the Court has not found a case, and the Government has cited to none, where 1226(c) applied even though the noncitizen had *never* been in custody. The Government argues, and some circuit courts have held, that the "when . . . released" language sets the *starting* point for "when DHS can first take a qualifying alien into immigration custody," so that qualifying "criminal aliens" will be subject to mandatory detention even if detained well after their release from criminal custody. Gov't Response at 8. But even the Government's argument on this issue, and the authorities supporting it, necessitate a period of criminal custody. The Court further rejects the arguments that the "when . . . released" clause can be ignored altogether and agrees with the reasoning of *Preap v. Johnson*, 831 F.3d 1193, 1196 (9th Cir. 2016) and *Castaneda v. Souza*, 810 F.3d 15, 18-43 (1st Cir. 2015) on this issue. *See also Olmos v. Holder*, 708 F.3d 1313 (10th Cir. 2015) ("[P]hysical custody is required to trigger § 1226(c): Otherwise, how could the alien be 'released'"?).

2

statute plainly applies only to noncitizens who have been "released" from criminal custody. Because Petitioners were never in custody for the purported "aggravated felony" giving rise to their mandatory detention–a 2012 Ecuadorian judgment against them *in abstentia*—§ 1226(c) does not apply to them, and their mandatory detention pursuant to that statute is unlawful.[3]

Consequently, Petitioners are entitled to a constitutionally adequate bond hearing to occur on or before March 15, 2019. This matter will be closed following notice by the Parties that Respondents have complied with the Court's ruling.

**DONE AND ORDERED** at the hearing on March 8, 2019.

Signed in chambers in Miami, Florida, this _8_ day of March, 2019.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

---

[3] Having ruled that Petitioners are not subject to mandatory detention under 8 U.S.C. § 1226(c) because they have never been "released" from custody, the Court need not decide if their Ecuadorian conviction qualifies as an "aggravated felony" for purposes of mandatory detention. But as the Court discussed at the hearing, the unique facts of Petitioners' *in absentia* conviction in Ecuador, as well as the plain, unambiguous language of the statute identifying what qualifies as an aggravated felony, make it improbable that the Government could establish the statutory elements of an "aggravated felony."

3